Bradley T. Cave (Wyo. State Bar # 5-2792)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Fax: 307.778.8175
bcave@hollandhart.com

ATTORNEYS FOR DEFENDANT
WYOMING CATHOLIC COLLEGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R SQUARED, INC., a Delaware Corporation,<br><br>   Plaintiff.<br><br>vs.<br><br>WYOMING CATHOLIC COLLEGE, a Wyoming Nonprofit Corporation,<br><br>   Defendant. | Civil Action No. 0:21-cv-00222-KHR |

## DEFENDANT WYOMING CATHOLIC COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Wyoming Catholic College (WCC) answers and otherwise responds to the Complaint of Ria R Squared, Inc., as follows:

**Allegations Regarding the Nature of the Action**

1. WCC denies the allegations of paragraph 1 of Plaintiff's Complaint.

2. WCC admits, upon information and belief, that its former CFO, Paul McCown, engaged in a scheme to fraudulently obtain funds from Plaintiff, and that he arranged a transfer of $10 million from Goldman Sachs Philanthropy Fund to WCC as a donation.  WCC denies any remaining allegations of fact in paragraph 2 of Plaintiff's Complaint.

3. WCC denies the allegations of paragraph 3 of Plaintiff's Complaint.

4. WCC admits that it announced that the funds were in the process of being returned, and that nearly all of the $10 million is currently in the possession of the FBI. WCC denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

## The Parties

5. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 5 of Plaintiff's Complaint, and therefore denies those allegations.

6. WCC admits the allegations of paragraph 6 of Plaintiff's Complaint.

## Jurisdiction and Venue

7. WCC admits the allegations of paragraph 7 of Plaintiff's Complaint.

8. WCC admits the amount in controversy exceeds the jurisdictional requirements of this Court.

9. WCC admits that jurisdiction is proper in this Court as WCC conducts business in Wyoming.

10. WCC admits that venue is proper in this District.

## Response to Allegations of Fact

11. WCC admits that McCown, who was then CFO of WCC, told others at WCC that he had become very wealthy and that he wished to make a substantial donation to WCC. WCC denies that these communications were simultaneous and denies the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12. WCC admits the allegations of paragraph 12 of Plaintiff's Complaint.

13. WCC admits that in February 2021 WCC Executive Vice President Jon Tonkowich introduced McCown, who was then CFO of WCC, to Emilio Gonzales, who was a

donor to WCC.  WCC is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of paragraph 13 of Plaintiff's Complaint, and therefore denies those allegations.

14. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of paragraph 14 of Plaintiff's Complaint, and therefore denies those allegations.

15. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 15 of Plaintiff's Complaint, and therefore denies those allegations.

16. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 16 of Plaintiff's Complaint, and therefore denies those allegations.

17. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 17 of Plaintiff's Complaint, and therefore denies those allegations.

18. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 18 of Plaintiff's Complaint, and therefore denies those allegations.

19. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 19 of Plaintiff's Complaint, and therefore denies those allegations.

20. WCC admits April Pendleton acknowledged two signatures of McCown on or about May 10, 2021.  Upon information and belief, WCC admits McCown's signatures were affixed to the Promissory Note and Security Agreement.

21. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 21 of Plaintiff's Complaint, and therefore denies those allegations.

22. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 22 of Plaintiff's Complaint, and therefore denies those allegations.

23. WCC denies the allegations of paragraph 23 of Plaintiff's Complaint.

24. WCC admits that McCown transferred $10 million to WCC through the Goldman Sachs Philanthropy Fund. WCC denies that Susan Gleason was employed at WCC at any time after September 1, 2019. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of paragraph 24 of Plaintiff's Complaint, and therefore denies those allegations.

25. WCC denies the allegations of paragraph 25 of Plaintiff's Complaint.

26. WCC admits that the letter attached as Exhibit A to Plaintiff's Complaint was sent to Plaintiff's counsel on June 9, 2021, and that it speaks for itself.

27. WCC denies the allegations of paragraph 27 of Plaintiff's Complaint.

28. WCC denies the allegations of paragraph 28 of Plaintiff's Complaint.

29. WCC admits that it publicly acknowledged that funds it had received were proceeds of McCown's conduct. WCC denies the remaining allegations of paragraph 29 of Plaintiff's Complaint.

30. WCC admits that the statement attached to the Plaintiff's Complaint as Exhibit B is a statement posted on WCC's website on July 7, 2021, and that it speaks for itself.

31. WCC admits that the email attached as Exhibit C to Plaintiff's Complaint is an email circulated within WCC on July 8, 2021, and that it speaks for itself.

32. WCC denies that paragraph 32 is an accurate or complete account of the conversation referenced in that paragraph.

33. WCC denies that paragraph 33 is an accurate or complete account of the conversation referenced in that paragraph.

34. WCC does not possess the $239,154.77 remaining from the $10 million it received from McCown and had expended more than that amount from the $10 million before it was notified about McCown's conduct by Ria R Squared on June 3, 2021.

35. WCC does not possess the $239,154.77 remaining from the $10 million it received from McCown and cannot return funds it does not possess.

## Response to Count 1

36. WCC incorporates its responses to paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth in response to paragraph 36 of Plaintiff's Complaint.

37. WCC denies the allegations of paragraph 37 of Plaintiff's Complaint.

38. WCC denies the allegations of paragraph 38 of Plaintiff's Complaint.

39. WCC denies the allegations of paragraph 39 of Plaintiff's Complaint.

40. WCC denies the allegations of paragraph 40 of Plaintiff's Complaint.

## Response to Count 2

41. WCC incorporates its responses to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth in response to paragraph 41 of Plaintiff's Complaint.

42. WCC admits that paragraph 42 of Plaintiff's Complaint is a quotation of a portion of the Wyoming Uniform Fraudulent Transfer Act.

43. Upon information and belief, WCC admits the allegations of paragraph 43 of Plaintiff's Complaint.

44. WCC admits that on or about May 12, 2021, McCown caused Goldman Sachs Philanthropy Fund to transfer $10 million to WCC as an anonymous donation. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of paragraph 44 of Plaintiff's Complaint, and therefore denies those allegations.

45. WCC denies the allegation of paragraph 45 of Plaintiff's Complaint.

46. WCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 46 of Plaintiff's Complaint, and therefore denies those allegations.

47. WCC denies the allegations of paragraph 47 of Plaintiff's Complaint.

48. WCC denies the allegations of paragraph 48 of Plaintiff's Complaint.

### Response to Count 3

49. WCC incorporates its responses to paragraphs 1 through 48 of Plaintiff's Complaint as if fully set forth in response to paragraph 49 of Plaintiff's Complaint.

50. WCC admits that it employed McCown, and that it currently employs Tonkowich and Pendleton, and that McCown, Tonkowich and Pendleton were generally subject to supervision while acting in the course and scope of their employment. WCC denies any remaining allegations of paragraph 50 of Plaintiff's Complaint.

51. WCC admits it expected McCown as CFO to manage WCC's finances and explore options for management of an endowment fund. WCC denies the remaining allegations of paragraph 51 of Plaintiff's Complaint.

52. WCC denies the allegations of paragraph 52 of Plaintiff's Complaint.

53. WCC denies the allegations of paragraph 53 of Plaintiff's Complaint.

54. WCC denies the allegations of paragraph 54 of Plaintiff's Complaint.

## General Denial

WCC denies any allegation of fact not expressly admitted herein, and denies Plaintiff is entitled to judgement for any amount whatsoever.

## Affirmative Defenses

1. Plaintiff's claims are barred by Plaintiff's comparative fault through Plaintiff's grossly negligent failure to conduct due diligence prior to sending $14.7 million to McCown.

2. Plaintiff's claims are barred by Plaintiff's unclean hands through Plaintiff's grossly negligent failure to conduct due diligence prior to sending $14.7 million to McCown.

3. Plaintiff's claims are barred or reduced by its failure to mitigate its damages and the doctrine of avoidable consequences, including its failure to conduct reasonable due diligence, its delay in discovering its own negligence in sending money to McCown and its delay in notifying WCC of its error and of McCown's actions.

4. Plaintiff's claims of conversion and civil theft are barred because Plaintiff voluntarily transferred funds to McCown.

5. Plaintiff's claims are barred by equitable estoppel due to its voluntary transfer of funds to McCown thereby enabling McCown to transfer funds to WCC, Plaintiff's inaction and silence until June 3, 2021, and WCC's good faith use of the funds transferred to it by McCown prior to June 3, 2021.

6. McCown's actions alleged in Plaintiff's Complaint were outside the scope of his WCC employment.

7. WCC received the McCown contribution in good faith, without knowledge of McCown's actions as alleged in Plaintiff's Complaint and is a good faith transferee and/or subsequent transferee of those funds.

8. WCC cannot be liable under any claim for funds seized from it through legal process initiated by the Federal Bureau of Investigation or the United States Attorney's Office for the District of Wyoming. To the extent those funds are not available to Plaintiff, such unavailability is not the result of any action by WCC.

9. Plaintiff's claims should be equitably denied because any award of damages to Plaintiff will amount to a windfall for Plaintiff due to Plaintiff's retention of a $300,000 "fee" from its original loan to McCown of $15 million.

DATED:  January 11, 2022

*/s/ Bradley T. Cave*
Bradley T. Cave (Wyo. State Bar # 5-2792)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  307.778.4200
Fax:  307.778.8175
bcave@hollandhart.com

ATTORNEYS FOR DEFENDANT
WYOMING CATHOLIC COLLEGE

18037639_v1