Stuart R. Day, (Wyo. State Bar #5-2244)
Ryan J. Schwartz (Wyo. State Bar #6-3611)
Ryan L. Ford (Wyo. State Bar #7-4467)
Alia T. Scott (Wyo. State Bar #7-5703)
Williams Porter Day & Neville, P.C.
P.O. Box 10700
Casper, WY  82602
(307) 265-0700
(307) 266-2306 (facsimile)
sday@wpdn.net
rschwartz@wpdn.net
rford@wpdn.net
ascott@wpdn.net

Steven R. Popofsky
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866
spopofsky@kkwc.com

ATTORNEYS FOR PLAINTIFF

Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Holland & Hart LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  307.778.4200
Fax:  307.778.8175
bcave@hollandhart.com

James Leon Holmes (admitted *pro hac vice*)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
Telephone: 501-379-1712
lholmes@qgtlaw.com

ATTORNEYS FOR DEFENDANT



FILED
9:03 am, 8/30/22
U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R SQUARED, INC., a Delaware Corporation,<br><br>     Plaintiff.<br><br>vs.<br><br>WYOMING CATHOLIC COLLEGE, a Wyoming Nonprofit Corporation,<br><br>     Defendant. | Civil Action No. 0:21-cv-00222-SWS |

## STIPULATED PROTECTIVE ORDER

The Court, having received and considered the Parties' Stipulated Motion for Entry of St3ipulated Protective Order, finds it is necessary to enter such an order because in this action, the parties will be producing documents and disclosing information that contains or may be deemed by a party as containing confidential information or proprietary information.  This Order

shall govern the production, disclosure, review, maintenance, and use of all information or documents deemed "Confidential" by any party.

    1.    For purposes of this Order, "Confidential Information" shall include:

        a.    All documents or information stored in any form, including electronically stored information, physical items, deposition testimony, deposition exhibits, interrogatory responses, requests for production, admissions, and any other information or things produced, given or exchanged by any party in connection with discovery in this matter containing or referring to:

            i.    contents of emails or email attachments from email files of Paul McCown and Jonathon Tonkowich produced by Wyoming Catholic College ("WCC") in bulk in the context of settlement negotiations between the parties;

            ii.    any non-public information regarding the job performance of any past or present employee of WCC, whether referenced by name or title, or whether the name, title or both have been redacted;

            iii.    any non-public information regarding any past or present director, officer, employee, student or donor of WCC, regardless of whether the name or other identifying information regarding the student has been redacted;

            iv.    any non-public information regarding the financial status of WCC, including its assets, liabilities, cash flow, contributions or grants, or other funding sources.

        b.    Any deposition or hearing testimony designated by a party as containing or involving confidential information which contains or refers to any of the topics designated in paragraph 1.a.ii, iii or iv above.

2. The following restrictions shall only apply to documents that contain Confidential Information, reference any Confidential Information, or to testimony containing, discussing, or referring to Confidential Information:

 a. If a party wishes for a document, or information contained in a document, to be treated as confidential, the party shall mark or otherwise designate the document as "Confidential."

 b. Any document marked or designated as "Confidential" shall be maintained by the party receiving the document (the "nonproducing party") in strictest confidence at all times. Any such document shall not be disclosed or used by the nonproducing party except for the purposes of this action. Notwithstanding the preceding, such confidentiality shall not apply to any document marked as Confidential if the nonproducing party obtains a determination by this Court that the document is not confidential and does not contain confidential information. Any party to this action may contest another party's designation of a document or information as Confidential.

 c. Access to any document marked "Confidential" received by the nonproducing party shall be restricted to the following persons: (i) the nonproducing party (subject to the restrictions set forth in subparagraph (f) below); (ii) the nonproducing party's counsel in this action, and the counsels' staff; (iii) expert witnesses retained by a party or its counsel, who have executed a copy of the attached Acknowledgement of Order Governing the Confidentiality of Discovery Materials; (v) persons authorized to record or transcribe a proceeding at which confidential documents, documents containing confidential information, or confidential information is disclosed; (vi) Court personnel involved in this matter; and (vii) professional vendors: persons or entities that provide litigation support services (e.g.,

photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees.

    d.  Counsel for the nonproducing party will retain the originals of all Acknowledgements of Order Governing the Confidentiality of Discovery Materials, and will provide copies of all such Acknowledgements to the producing party within ten (10) days of their execution.

    e.  Documents marked or designated as "Confidential" will be maintained by counsel for the nonproducing party in a secure place and manner.

    f.  Any testimony in which confidential information is likely to be referred to or disclosed shall be subject to the following restrictions: (i) only persons who are authorized by paragraph 2(c) of this Stipulated Protective Order to have access to Confidential Information shall be permitted to attend the proceeding in which such testimony occurs; (ii) at any time in the proceeding, any party may declare that the testimony being given is confidential; (iii) if the testimony is declared confidential due its content falling within the scope of paragraph 1, the reporter or other person transcribing the testimony shall mark all copies of transcripts Confidential, and such transcript shall be treated as documents containing Confidential Information pursuant to the terms of this Stipulated Protective Order.

  3.  In the event a nonproducing party desires to provide access to Confidential Information or documents to a person not authorized to have access to such Confidential Information or documents, and the producing party objects to providing access to such person, the nonproducing party may move the Court for an Order that such person be given access to the information. In the event the motion is granted, such person may have access

to the information, but only subject to the terms and conditions set forth in this Stipulated Protective Order.

4.  The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information or documents designated as Confidential, and the Court shall retain continuing jurisdiction to enforce or modify the terms of this Protective Order.

5.  Inadvertent or unintentional production of documents or information containing Confidential information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claim of confidentiality.

6.  This Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt and/or the dismissal of the above-captioned matter with prejudice.  All other remedies available to any person(s) injured by a violation of this Protective Order are fully preserved.

7.  Within 60 days after the final determination of this action, including appeals, all documents containing Confidential Information shall be returned to the producing party, except such information as counsel deems necessary to document any settlement agreement reached in this matter, in which event counsel shall retain such information subject to the provisions of this Stipulated Protective Order.

8.  By agreeing to the entry of this Stipulated Protective Order, the parties hereto adopt no position as to the confidentiality or admissibility of documents produced subject to this Stipulated Protective Order.

9. It is in the interest of the parties to this action that this Stipulated Protective Order be issued by the Court. The potential harm to the privacy of the parties outweighs any public interest.

DATED:  August 29, 2022

/s/ Stuart R. Day
Stuart R. Day, (Wyo. State Bar # 5-2244)
Ryan J. Schwartz (Wyo. State Bar # 6-3611)
Ryan L. Ford (Wyo. State Bar # 7-4467)
Alia T. Scott (Wyo. State Bar # 7-5703)
Williams Porter Day & Neville, P.C.
P.O. Box 10700
Casper, WY  82602
(307) 265-0700
(307) 266-2306 (facsimile)
sday@wpdn.net
rschwartz@wpdn.net
rford@wpdn.net
ascott@wpdn.net

Steven R. Popofsky
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866
spopofsky@kkwc.com

ATTORNEYS FOR PLAINTIFF

/s/ Bradley T. Cave
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Holland & Hart LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  307.778.4200
Fax:  307.778.8175
bcave@hollandhart.com

James Leon Holmes (admitted *pro hac vice*)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
Telephone: 501-379-1712
lholmes@qgtlaw.com

ATTORNEYS FOR DEFENDANT

ORDERED this 30 day of August, 2022.

Kelly H. Rankin
U.S. Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT OF ORDER GOVERNING THE CONFIDENTIALITY OF DISCOVERY MATERIALS**

I have been given access to information designated CONFIDENTIAL INFORMATION in this litigation. I understand this CONFIDENTIAL INFORMATION is subject to the terms of the Protective Order in the lawsuit. I have been given a copy of, and I read and understood that Protective Order.

If CONFIDENTIAL INFORMATION was physically given to me, I agree to destroy that information, or to return it to the person who gave it to me, as soon as: (i) I am asked by the person who gave it to me to return or destroy it, (ii) I learn of the conclusion of this litigation, or (iii) I no longer need the information.

I agree in all respects that I am bound, and will abide by the terms of the Protective Order entered in this case and will not communicate or show the contents of CONFIDENTIAL INFORMATION to any person other than a "Qualified Person" as that term is defined in the Protective Order, that I will not make copies of this information except as necessary to perform services in this case, and that I will preserve such information as confidential.

This Acknowledgment does not prevent me from using or disclosing documents or information I had access to by legitimate means other than by having been given it after entry of the Protective Order in this case by a person bound by the terms of the Protective Order in this case.

_____
[Signature]                    [Date]

19502004_v1